

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-26-00252-CV

———————————————————

JOSEPH MULLASSERIL VARUGHESE, Appellant

V.

MOLY JOHN VARUGHESE, Appellee

On Appeal from the 360th District Court
Tarrant County, Texas
Trial Court No. 360-742677-23

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

Appellant Joseph Mullasseril Varughese, proceeding pro se, attempts to bring a restricted appeal of the trial court's October 24, 2025 final divorce decree. *See* Tex. R. App. P. 26.1, 30.[1] Because we lack jurisdiction over this appeal, we dismiss it.

To sustain a restricted appeal, the filing party must show that (1) he filed a notice of the restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020). The first three requirements are jurisdictional and will preclude a party's right to seek relief by way of a restricted appeal. *See id.* at 497 ("An appellant who satisfies the first three requirements establishes the court's jurisdiction and must then establish error from the face of the record to prevail in the restricted appeal.").

Appellant filed his pro se notice of restricted appeal on April 22, 2026—within six months of the trial court's final divorce decree—but the record reflects that he both participated in the hearing and timely filed a motion for new trial on October 28, 2025. We sent Appellant a letter expressing our concern that we do not have jurisdiction over his restricted appeal because he has not met two of the jurisdictional

---

[1]Appellant filed a document entitled "Writ of Error to Court of Appeals," which we construe as a notice of restricted appeal.

requirements. We warned him that unless he filed a response showing grounds for continuing the appeal, it could be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. Appellant filed a response, but it does not show grounds for continuing the appeal or otherwise establish the jurisdictional requirements.[2]

Because he cannot establish two of the jurisdictional requirements, a restricted appeal is not available to Appellant. *See* Tex. R. App. P. 30; *E.H.*, 602 S.W.3d at 497. Accordingly, we dismiss this restricted appeal for want of jurisdiction.

Per Curiam

Delivered: May 28, 2026

---

[2]In his response, Appellant asserts (1) that this is not a restricted appeal but a "writ of error to the court of appeals," *see* Tex. Civ. Prac. & Rem. Code § 51.013, and (2) that he timely filed this appeal within thirty days of the trial court's April 2, 2026 order denying his motion for new trial. As we stated in our jurisdiction letter, "[r]estricted appeals replace writ of error appeals to the court of appeals." Tex. R. App. P. 30. As the trial court stated in its April 2, 2026 order, its plenary power expired on February 6, 2026. *See* Tex. R. Civ. P. 329b(c) (providing that motion for new trial will be overruled by operation of law "seventy-five days after the judgment was signed"), (e) (extending trial court's plenary power until thirty days after motion for new trial overruled "either by written and signed order or by operation of law, *whichever occurs first*" (emphasis added)). And the order did not extend the notice-of-appeal deadline. *See* Tex. R. App. P. 26.1 (requiring that a notice of appeal "must be filed within 90 days *after the judgment is signed* if any party timely files" a motion for new trial (emphasis added)), 26.3 (providing that appellate court may grant fifteen-day extension).